WILLIAM L. ELKINS

*v.*

THE CAMDEN AND ATLANTIC RAILROAD COMPANY et al.

Where the charter of a corporation provides that annual meetings for the election of directors shall be held by the stockholders, the directors cannot by a by-law so change the time of holding the annual election that they will continue themselves in office more than a year, against the wishes of the holders of a majority of the stock.

On application for an injunction. Heard on bill and affidavits and answer and affidavits.

Elkins *v.* Camden and Atlantic Railroad Co.

*Mr. S. H. Grey,* for complainant.

*Mr. P. L. Voorhees* and *Mr. B. Williamson,* for defendants.

VAN FLEET, V. C.

The complainant seeks to prevent the directors of the defendant corporation from continuing themselves in office, against the will of the holders of a majority of the stock, for a period beyond the term for which they were elected. The directors against whom he asks the court to exert its power were elected on the 23d day of February, 1882, for the term of one year. Their term of office will, consequently, expire on the 22d day of February, 1883. The charter provides that annual meetings of the stockholders shall be held for the election of directors, and that each share of stock shall be entitled to one vote. For some years prior to 1881, the annual meeting for the election of directors was held on the fourth Thursday of October in each year, but on the 21st of July, 1881, the directors adopted a by-law, changing the date from the fourth Thursday of October to the fourth Thursday of February. The change thus made, so far as the record in this case shows, was acquiesced in by the stockholders, and the present board was elected on the day so designated. On the 19th day of October, 1882, the present board attempted, by resolution, to change the time of the annual meeting from the fourth Thursday of February to the fourth Thursday of October. This action is the grievance of which the complainant complains.

The effect of the change, it will be perceived, is to increase the term of office of the persons who attempted to make it, from one year to one year and eight months, nearly double the period for which they were elected. And this they have attempted to do without the consent of the proprietors of the corporation, except so far as they may happen to be represented by the persons constituting the board of directors. If they may lawfully do what they have attempted, it is difficult to perceive why they may not a month, more or less, before the day now fixed, make another change, and so continue changing the day from time to time, as long as they may find it agreeable to continue in office, and thus abso-

Elkins v. Camden and Atlantic Railroad Co.

lutely deprive the proprietors of the corporation of that provision of the charter which secures to them the right to designate annually the persons who shall manage the affairs of the corporation. That provision of the charter which declares that annual meetings of the stockholders shall be held for the election of directors, grants to the stockholders a highly important and valuable right, which the directors can neither defeat nor impair. It gives the stockholders the right to say, once in each year, not once in eighteen months, or two years, by a vote of a majority of shares, who shall be elected directors, and as such have the conduct and management of the business of the corporation for the next year. The right, therefore, to change the day for the annual meeting is one which, from its very nature, can alone be exercised by the stockholders. No board of directors can, without the stockholders' consent, hold office for a period longer than one year.

It is not perhaps necessary that the stockholders should be called together specially for the purpose of making a change in the day. If the directors should attempt to change the day, as they did in 1881, and the stockholders should subsequently meet on the day so designated, and proceed without objection or remonstrance to the election of a board of directors, their action would probably be entitled to be regarded as furnishing conclusive evidence of assent. I think the day so designated would be entitled to be regarded as the day fixed by the stockholders, and that the subsequent meetings should be held on the day so fixed.

The object of the directors in attempting to defer the next annual meeting is perfectly obvious. The complainant now holds a majority of the stock issued by the defendant corporation, he and the directors are at variance, the complainant has been compelled to appeal to this court in two previous instances to be protected against the consequences of the wrongful acts of the directors, he means, undoubtedly, to use the power he possesses, as the holder of a majority of the stock, to prevent their continuance in office, and they unquestionably resorted to the device of attempting to change the day of the annual meeting for the purpose of prolonging their term of office. If it were entirely clear that they possessed the power to do what they have at-

tempted to do, I think their use of it under the circumstances and for the purposes stated, would deserve to be denounced as fraudulent. There can be no doubt about the relations which the directors of a corporation hold to its stockholders. They are trustees. *Stewart* v. *Lehigh Valley R. R. Co., 9 Vr. 505.* And like all other persons entrusted with fiduciary powers, they are bound to use their authority for the maintenance of the rights and the protection of the interests of their *cestui que trust.* To attempt to use their power for their own personal advantage, to the injury of their *cestui que trust,* is an abuse of the confidence reposed in them, which entitles the *cestui que trust* to the protection of a court of equity; and if they attempt, by means of their power or position, to deprive the *cestui que trust* of any of his rights, their act, in its legal consequences, regardless of the motive which prompted it, is a fraud. Chancellor Green, in *Hilles* v. *Parrish, 1 McCart. 380,* declared that any action by the directors of a corporation, which was designed to retain themselves in office, and thus perpetuate their control over the affairs of the corporation, against the will of the holders of a majority of the stock, was illegal and void, and that the injured stockholders, in such a case, were entitled to relief by injunction.

The action of the directors under consideration was not only wholly without warrant of law, but was unquestionably designed to defeat the stockholders in the exercise of a right granted to them by law. The directors intended that their action should serve as an excuse for not calling the stockholders together at a time when the stockholders had a right to have an annual meeting held. In order to frustrate that purpose it is necessary that this court should act. An injunction must go, enjoining the directors from doing anything which will defeat or prevent a meeting of the stockholders from being held for the election of directors on the 22d day of February, 1883.